[No. 20852. Department Two. May 4, 1928.]

SPIRO JANOVICH, *Respondent*, v. NORTHWESTERN
HERRING COMPANY, *Appellant*.[1]

[1] SHIPPING (9)—CHARTER PARTY—INJURY TO VESSEL—LIABILITY.
Upon breach of an agreement to cover a chartered vessel by a
policy insuring against all loss or damages to the vessel, the
charterer is entitled to recover for damages not caused by the
risks included in a marine policy limited to fire, stranding or
collision.

[2] TRIAL (133)—VERDICT—CORRECTION BY COURT. It is not within
the province of the court to direct a verdict upon oral testimony
which the jury, by a special finding, have found not entitled
to credit, where there was other evidence to sustain their
verdict.

Appeal from a judgment of the superior court for
King county, Hall, J., entered February 23, 1927, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action on contract. Affirmed.

*Christopher Jacobsen,* for appellant.
*Van C. Griffin,* for respondent.

FULLERTON, C. J.—In March, 1925, the respondent,
Janovich, being then the owner of a gasoline vessel,
known as the "Monitor," chartered the vessel with
its tackle and apparel to the appellant, Northwest
Herring Co., Inc., for the fishing season of 1925. By
the terms of the charter agreement, the respondent
guaranteed the vessel to be in a good and seaworthy
condition when delivered to the appellant, and the ap-
pellant agreed that, at the end of the charter period, it
would return the vessel to the respondent "in as good
condition as when taken by it, ordinary wear and tear
excepted." The charter agreement contained the
further clause, viz:

¹Reported in 267 Pac. 37.

"It is understood and agreed that the said second party shall at its own expense cover the vessel with Marine Insurance to the amount of said gas boat Monitor ($7,000.00) such policy to be made payable to the party of the first part. It is understood and agreed that this insurance shall fully cover the responsibility of the second party to the first party in case of loss or damage to the vessel, and the said first party shall have no further claim against the second party. On return of the vessel to the said first party the insurance policy is to be returned to said second party for cancellation, the return premium to be paid to said second party."

Pursuant to the charter agreement, the vessel was turned over to the appellant on March 12, 1925, and a policy of insurance was procured by it, and delivered to the respondent, covering the vessel for a term commencing March 13, 1925, and ending March 13, 1926. The policy limited the liability of the insurer to losses caused by "fire, stranding, and collision," and covered no loss which did not exceed three per cent of the value of the vessel, which value was fixed in the policy at $8,500. The vessel was returned to the respondent at the end of the charter period. At that time, the shoe protecting the keel of the vessel was injured, and one of the cylinder heads of the three-cylindered gasoline engine with which the vessel was equipped was cracked. There was also due and unpaid at that time the sum of one hundred and fifty dollars on the price agreed to be paid for the use of the vessel. The respondent, after the return of the vessel to him, caused the injuries to the shoe and the engine to be repaired, at a cost to himself of two hundred dollars, and thereupon brought the present action against the appellant to recover the costs of the repairs and the sum remaining due on the charter price. The appellant answered, denying liability for the injuries claimed, and pleading

affirmatively a set-off against the charter price remaining unpaid in the sum of $70.18, and a tender of the remainder of the price to the respondent.

There was a trial before a jury, resulting in a verdict in favor of the respondent, on which the trial court entered a judgment for the sum of $328.15. The judgment was made up of three separate items: $50 for injury to the shoe; $128.15 for injuries to the cylinder head; and $150 due on the charter price. By a special finding, the jury refused to allow anything on the claims pleaded by the appellant as a set-off.

[1] The appellant complains because the court refused, on its motion, to withdraw from the consideration of the jury the item of damage relating to the cylinder head. On this point, it makes two contentions: First, that it is protected from liability thereon by its contract; and, second, that there is no evidence that the injury was caused other than by ordinary wear and tear. The first of the contentions is founded on the third clause of the contract quoted, wherein it is agreed that the appellant shall, at its own expense, cover the vessel with marine insurance, and that such insurance shall fully cover its responsibility to the respondent for all loss or damage to the vessel. But the answer is, that it did not furnish the policy contemplated by the contract. The policy furnished did not fully cover the vessel. For the loss here suffered, there could be no recovery on the policy; the loss was not caused by either fire, stranding or collision, and it did not exceed the minimum fixed in the policy. There was thus a breach of this part of the contract on the part of the appellant, whereas it could be protected only by a compliance with such part.

As to the second branch of the objection, our examination of the evidence convinces us that the jury could well have found that the injury to the cylinder

head was caused by ordinary wear and tear, but we are unable to say that there was no substantial evidence to the contrary. The question was thus one for the jury, and their finding is conclusive upon us. In this connection, the appellant complains of the instruction of the court as to the measure of damages, but we think it unnecessary to follow its argument. It may be conceded that the rule given by the court could have been made more explicit, but, viewing the record as a whole, we cannot discern that the appellant is a sufferer thereby.

[2] Finally, the appellant complains that the jury failed to allow it, as a set-off, an item of $26.50, paid out by the appellant for the repair of a dynamo while the vessel was on its way from the place of delivery to the fishing grounds on which it was to be used. It is argued that it was conclusively proven that these repairs were made necessary by the unseaworthy condition of the vessel at the time of its delivery; that the jury, in disregarding the evidence, acted arbitrarily and in violation of their oaths as jurors; and that it was the duty of the trial court to correct their verdict in this respect. The testimony on which the appellant relies was the oral testimony of the captain of the vessel and its engineer, and involved the element of their credibility. The precise question was made the subject of a special interrogatory, which the jury answered, and it cannot be said that their finding on the question was through oversight or inadvertence. To say, therefore, that the trial court should have assumed the fact to be proved and corrected the verdict of the jury accordingly, is to say that it should have assumed the truth of oral testimony which the jury did not believe. This we think was not the province of the court. While a court will never hesitate to interfere with a verdict of a jury which has no evidence in its

support, it assumes a widely different function when it undertakes to say that the jury should have believed oral testimony which it did not believe. By the one act, it remains within its legal province, while, in the other, it invades the province of the trier of the fact. It is the rule, no doubt, that a trial court may grant a new trial where it is convinced that the verdict is against the weight of the evidence, even though there is substantial evidence supporting the finding of the jury. But this is a prerogative it exercises as a matter within its sound discretion, and the instances where an appellate court will interfere therewith must necessarily be rare, whichever way the discretion may be exercised. But perhaps we are unnecessarily laboring the question. As we read the record, there was evidence from which the jury could have found that the injury repaired arose from causes other than the unseaworthiness of the vessel.

The judgment is affirmed.

Main, Askren, and Holcomb, JJ., concur.